COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-296-CR
  
  
ROBERT 
CARL MCKAY                                                          APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Robert Carl McKay of aggravated robbery with a deadly 
weapon, and the trial court sentenced him to life imprisonment as a repeat 
offender.  Appellant brings a single point on appeal, arguing that the 
trial court abused its discretion by admitting evidence of an extraneous offense 
at the guilt phase of the trial.  Because we hold that Appellant did not 
preserve his complaint, we affirm the trial court’s judgment.
        The 
State alleged that during a test drive of a van, Appellant carjacked a car 
salesman with a gun. The complainant identified Appellant in a photospread, and 
the police found a gun in Appellant‘s hotel room and recovered the van with 
Appellant‘s fingerprints on it.
        The 
complainant testified that he was working when Appellant came to the car lot and 
discussed buying a vehicle.  Appellant and the complainant agreed on a test 
drive of a van, during which Appellant allegedly stole the van and left the 
complainant to walk back to the dealership.  The complainant testified that 
Appellant pointed a handgun in his face during the theft and that he was afraid 
for his life.
        Appellant 
testified that a robbery did not occur.  Appellant testified that he and 
the complainant had entered into an agreement with another employee at the 
dealership to create a fake robbery.  Appellant would take the van and sell 
it to a third party, splitting the money with the complainant and the second 
dealership employee.  The complainant denied Appellant’s conspiracy 
claim.
        During 
the guilt phase of the trial, the State offered modus operandi evidence 
that Appellant was charged with another aggravated robbery case involving a 
carjacking that occurred three days after the instant offense.
        Appellant 
argues that admission of the modus operandi evidence was not appropriate 
because the evidence only shows a repeated commission of the same type of crime, 
identity was not contested, and the evidence therefore was only relevant to show 
bad character.  Appellant further argues that he suffered substantial 
injury because of the prejudicial effect of the evidence.  The State argues 
that (1) Appellant failed to move to strike after the State completed presenting 
the extraneous offense, (2) the modus operandi trial objection failed to 
state a valid objection, and (3) the trial court had discretion to admit the 
extraneous offense.
        Evidence 
of extraneous offenses may be admissible to rebut a defensive theory, to show a 
unique signature crime, or to show identity or lack of mistake.[2]  
Evidence of an extraneous offense is not admissible to prove a defendant’s bad 
character.[3]  The extraneous offense Appellant 
was charged with was a carjacking in which a person was held at gunpoint and 
ordered out of his car. Appellant correctly argues that the extraneous offense 
evidence is not so unusual or distinctive that it shows a unique signature 
crime, nor is it sufficiently similar to the facts of the offense before this 
court to be anything more than the repeated commission of the same type of 
crime.  Additionally, we hold that the evidence of the extraneous offense 
does not defeat Appellant’s defense of conspiracy, and identity was not an 
issue.  Consequently, we agree with Appellant that the evidence was 
improper.
        However, 
the State correctly argues that Appellant failed to preserve his 
complaint.  When Detective Lenoir testified that Appellant was charged in 
another aggravated robbery, Appellant’s objection was that “they haven’t 
shown what it is.”  The State replied, “I think it was answered it was 
an aggravated robbery.”  The court then stated, “What was your 
objection?”  Appellant answered, “Well, Your Honor, that’s fine, but 
they haven’t connected up any modus operandi for anything up to this 
point.”
        Instead 
of requesting a hearing outside the presence of the jury, Appellant’s trial 
counsel stated in a bench conference, “Just at this point I think before he 
decides to testify on something, I think we need to hear what the modus 
is because if it’s just that he has a gun with him, that‘s not enough to 
make modus operandi.  That doesn’t meet the definition.”  
Lenoir then described the other aggravated robbery, in the jury’s presence, as 
Appellant had requested.  Further, instead of objecting to Lenoir’s 
direct testimony regarding the extraneous offense, Appellant solicited 
additional information on cross-examination.  Detective Lenoir obliged 
Appellant and described the extraneous aggravated robbery without further 
objection.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.[4]  Further, the trial 
court must have ruled on the request, objection, or motion, either expressly or 
implicitly, or the complaining party must have objected to the trial court’s 
refusal to rule.[5]  We hold that Appellant 
failed to properly object to and get a ruling on the extraneous offense 
evidence.
        In 
a supplemental brief, the State asks us to hold that Owens[6]  is no longer sound law.  We decline to do 
so.  Until the Texas Court of Criminal Appeals instructs us to the 
contrary, Owens is still sound authority for the proposition that 
evidence of a defendant's particular modus operandi is a recognized 
exception to the general rule precluding extraneous offense evidence, if the modus 
operandi evidence tends to prove a material fact at issue other than 
propensity.[7]
        Because 
Appellant did not properly preserve his complaint for appeal, we overrule his 
sole point and affirm the trial court’s judgment.
   
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
    
  
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
WALKER, 
J. concurs without opinion.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Owens v. State, 827 S.W.2d 911, 915 (Tex. Crim. App. 1992).
3.  
Tex. R. Evid. 404(a).
4.  
Tex. R. App. P. 33.1(a)(1); Mosley 
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).
5.  
Tex. R. App. P. 33.1(a)(2); Mendez 
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).
6.  
827 S.W.2d at 915.
7.  
Id.